GEORGE W. BUSKING and KATHLEEN G. BUSKING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Busking v. Commissioner
Docket Nos. 2045-72, 4120-76.
United States Tax Court
T.C. Memo 1978-415; 1978 Tax Ct. Memo LEXIS 100; 37 T.C.M. (CCH) 1727; T.C.M. (RIA) 78415; October 16, 1978, Filed George W. Busking, pro se. Harvey S. Sander, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: These cases were assigned to and heard by Special Trial Judge Johnston. Pursuant to the order of the Chief Judge dated November 2, 1977, as amended, the provisions of Rule 182, Tax Court Rules of Practice and Procedure are not applicable to these cases. The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE JOHNSTON, Special Trial Judge: These cases were heard pursuant to the order of the Chief Judge dated November 2, 1977, as amended. The respondent determined deficiencies in petitioners' Federal income tax in the amounts of $ 421.89 and $ 461.57 for the taxable years 1968 and 1973, respectively. *102 The issues for decision are: (1) whether petitioners are entitled to deduct under sections 62 or 162 $ 2,767.10 and $ 2,428 for the taxable years 1968 and 1973, respectively, as employee business expenses incurred in transporting petitioner, George W. Busking, and his tools between his residence and the places of his employment; (2) whether petitioners are entitled to a deduction under section 166 for a bad debt loss of $ 1,145 in 1968; (3) whether petitioners are entitled to a deduction under section 165(c)(3) for a casualty loss of$ 975 in 1968; (4) whether petitioners are entitled to a refund of $ 425.41 for 1968 on account of the non-availability of section 63 to the respondent; and, (5) whether petitioners are entitled to a deduction for depreciation of $ 134 in 1973. FINDINGS OF FACT Some of the facts have been stipulated and those facts have been so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. George W. Busking and Kathleen G. Busking, husband and wife, resided at 893 North Central Avenue, North Massapequa, New York 11758 at the time of filing their petitions herein and during the years in *103 issue. They filed timely joint Federal income tax returns for the taxable years 1968 and 1973 with the District Director of Internal Revenue, Brooklyn, New York. Petitioner, George W. Busking, was a carpenter by trade. Kathleen G. Busking, is a party to these proceedings solely because she signed the joint returns. Business Travel Expenses
Petitioner, George W. Busking, was employed as a union carpenter during the years 1968 and 1973. During 1968 and 1973 he used his automobile to travel between his residence and the various job sites at which he worked. When George drove to the job sites where he worked, no other person traveled with him. He carried his tools in the automobile he drove to work; his tools weighed approximately 200 pounds. At the job sites where George worked there were no secure storage facilities where he could leave his tools overnight. The automobile which George drove to work carrying his tools in each of the years 1968 and 1973 was not specially modified to facilitate the carrying of his tools. The automobiles that were driven by George during 1968 and 1973 were not exclusively used for traveling from his residence to the various job sites *104 listed above. They were also used for personal purposes. 1968
During 1968 George drove from his residence at 893 North Central Avenue, North Massapequa, New York, to various job sites in Nassau County, Suffok County, Brooklyn, Queens, and Staten Island and returned to such residence from each job site for a total of 9,625 round trip miles. The job sites or localities are indicated in the following schedule: Total Round Job Site
Trip Mileage
Meadowbrook Hospital
1,330
Hempstead - Hicksville
1,440
Elmont Library
102
A & S, Hempstead
161
A & S, Hempstead
46
Roosevelt Raceway
20
Roosevelt Bowl
280
Brooklyn, New York
1,920
East Quogue, New York
1,632
Jamaica, New York
624
Staten Island, New York
2,070
Total Miles
9,625
With respect to petitioners' transportation expense deduction of $ 1,032.50 for the year 1968, respondent made an allowance of $ 30.00 in the statutory notice of deficiency. This allowance represented deductible expenses incurred by George in traveling between job sites. As far as petitioner is aware, there was no bus transportation between his home and the Roosevelt Bowl job site where he worked in 1968. For George *105 to travel by public transportation to the Meadwbrook Hospital job site, at which he worked in 1968, would entail a substantial walk to a bus, transferring to a second bus, and walking three-quarters of a mile to the actual job site. The travel time by these means would consume about one and one-half hours. The travel time by automobile would take 30 minutes. George would have to leave his residence at 6:30 a.m. if he traveled by public transportation, as opposed to 7:30 a.m. when traveling by automobile, in order to arrive before the 8:00 a.m. starting time at this job site. To travel to the Meadwbrook Hospital job site it would have been faster for George to use his automobile and he would most likely have done so even if he were not carrying his tools. The same method of public transportation would have to be used with respect to the A & S job sites in Hemstead as with the job site at the Meadwbrook Hospital. George did not know of any way he could travel by public transportation to the 1968 job sites located in Brooklyn, East Quogue, Staten Island or at the Roosevelt Raceway. George was reimbursed by his employer for any mileage he drove between job sites. Traveling by car *106 to the Jamaica job site, where George worked in 1968, would be faster and more dependable than traveling by means of the Long Island Railroad, and it is likely that George would have used his automobile to travel to the Jamaica job site if he was not carrying his tools and if the job site was not in the immediate vicinity of the railroad station. George would have traveled by car to the Brooklyn, Staten Island and East Quogue job sites, where he worked in 1968, even if he were not carrying his tools with him. 1973
During 1973 George drove from his residence at 893 North Central Avenue, North Massapequa, New York to various job sites in Nassau County, Suffolk County, Westchester County, and Brooklyn and returned to such residence from each job site for a total of 8,553 round trip miles. The job sites or localities are indicated in the following schedule: Total Round Job Site
Trip Mileage
Wartburg Nursing Home
208
Brooklyn, New York
Northern Dutches Hospital
3,096
Rhinebeck, New York
South Nassau Community Hospital
1,776
Oceanside, New York
Herman's
484
Roosevelt Field, New York
Nassau Coliseum
154
Roosevelt Field, New York
Telephone Building
92
Roosevelt Field, New York
Oyster Bay Town Garage
588
Oyster Bay, New York
J. C. Penney
224
Sunrise Mall
Floral Park Grade School
665
Baldwin Harbor School
240
Dodd School
200
Freeport, New York
Roosevelt Raceway
110
56th Street
468
Brooklyn, New York
4th Street
248
Bayridge
Total Miles
8,553
*107 In driving to the job sites listed above in 1973, George incurred the following expenses which were deducted on petitioners' joint Federal income tax return for said year: Item
Amount
Depreciation
$ 1,133.00
Insurance & Plates
385.00
Repairs and Tires
449.00
Inspection
3.00
Gas, Oil & Lub.
428.00
Parking Fees & Tolls
30.00
Total
$ 2,428.00
George was unaware of any alternate means of transportation that could have been used if anybody wanted to travel from his residence to any of the 1973 job locations by public transportation. Petitioners on their joint Federal income tax returns for 1968 and 1973 claimed deductions of $ 1,032.50 and $ 2,428.00 respectively for transportation expenses incurred by George in commuting daily between his residence and his places of work. Respondent disallowed the claimed deductions. OPINION Under the Internal Revenue Code no deduction is allowed for personal, living or family expenses except where an express provision for such a deduction is made. Section 262. The cost of commuting to a place of business or employment, regardless of the distance traveled, is a personal living or family expense. Section 1.262-1(b)(5) *108 Income Tax Regulations.Commissioner v. Flowers,326 U.S. 465 (1946). There is no express provision of the Internal Revenue Code, as amended, which allows a deduction for commuting expenses. Nor does the mere fact that the taxpayer is required to carry the tools used in his employment change the commuting expense to a business expense. If, however, a taxpayer incurs additional expense in traveling between his residence and his place of employment because of the necessity of carrying his tools with him, he may deduct the additional expense. Fausner v. Commissioner,413 U.S. 838 (1973), rehearing denied 414 U.S. 882 (1973). But, if the taxpayer would have used his automobile even though he was not required to transport his tools, none of the additional expense may be deducted. Coker v. Commissioner,487 F. 2d 593, cert. denied 414 U.S. 1130 (1974), rehearing denied 415 U.S. 939 (1974). In short, the taxpayer is required to show that he would not have driven but for the necessity of carrying tools. Gilberg v. Commissioner,55 T.C. 611 (1971). The fact that a taxpayer is required *109 to use his automobile at his job site to travel to another place of work or for other business purposes does not change his daily travel between home and job site to business travel rather than commuting. Feistman v. Commissioner,63 T.C. 129 (1974). Where the evidence shows that there was available to the taxpayer other and cheaper means of transportation which would have been used but for the fact that the taxpayer had to use his automobile to transport his tools, the difference in costs of transportation may be deducted as a business expense under section 162. Grayson v. Commissioner,T.C. Memo. 1977-304; Pool v. Commissioner,T. C. Memo. 1977-20. There does not appear to have been any means of public transportation readily available to George which would have enabled him to arrive at his various places of work at the normal starting time for his trade. Nor does the record show any other practicable means of commuting to his job sites other than by his private automobile. We, therefore, conclude that George would have driven to work even if he had not been required to carry his tools and equipment in his automobile. While *110 this conclusion requires us to sustain the respondent's disallowance of the claimed business expense, we note that petitioner has failed to establish the amount of any additional expense incurred because of the necessity of carrying his tools to work. Nor has the cost of traveling by public conveyance been established, in even an approximate amount. Cf. Rev. Rul. 63-100, 1963-1 C.B. 34; Fausner v. Commissioner,supra.
FINDINGS OF FACT Casualty Loss
On October 15, 1962 petitioners' automobile, a 1959 Chevrolet station wagon, was involved in an accident at Old Country Road and Carmans Avenue in Wantagh, New York. The damage sustained was to the right side of the petitioners' automobile. The petitioners had no insurance coverage for collision on their automobile. In 1962 petitioners retained an attorney, Alfred Skidmore, who filed an action to recover damages against the insurance company of the other driver involved in the accident. The suit to recover damages was terminated without any recovery having been obtained for the petitioners. George's recollection is that Mr. Skidmore told him in 1968 that there would be no recovery *111 for the damages as a result of the accident. George at trial did not have a copy of a letter Mr. Skidmore sent to petitioners, which letter indicated that the case was unsuccessfully terminated and the year of such termination. The records of petitioners' counsel, Mr. Skidmore, indicate that the file in the accident case was closed in 1965. The casualty loss deduction claimed by the petitioners on their joint Federal tax return for 1968, in the amount of $ 975.00, is net of the $ 100.00 limitation provided by law and of the $ 145.00 they received upon the disposition of the automobile. Respondent has disallowed the claimed loss on the ground that the loss was sustained in 1965. OPINION The sole issue with respect to the claimed casualty loss is the determination of the year in which it was sustained. Respondent contends the loss from the accident which occurred in 1962 was sustained not later than 1965. Petitioners contend that it was sustained in 1968. Petitioners have the burden of proving that the respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.
Section 1.165-1(a) Treas. Regs. *112 provides that any loss sustained during the taxable year and not made good by insurance or some other form of compensation shall be allowed as a deduction subject to any provisions of law prohibiting or limiting the deduction. Section 1.165-1(d) Treas. Regs. provides that a loss shall be allowed as a deduction only for the year in which sustained; and for this purpose it is during the taxable year in which the loss occurs as evidenced by closed and completed transactions and fixed by identifiable events occurring in such taxable year. The evidence in this case shows that the attorney who represented petitioners in their claim for damages sustained in the accident closed his files on the case in 1965 and that no amount of payment was made by the other party to the accident as indemnification for petitioners. Petitioners contend that they received a letter from their attorney dated in 1968 informing them no settlement was made and suit was foreclosed. Unfortunately, petitioners did not have such letter at the trial and presumably could not get a copy from their attorney. Even if we accept petitioner's testimony as to the 1968 letter, there is a conflict *113 in the evidence in the record. Therefore, we must hold that petitioners have failed to sustain their burden of proof and uphold respondent's disallowance of the claimed loss. FINDINGS OF FACT Work Clothes, Tools and Supplies
George purchased clothing during 1968, which clothing he wore solely in the pursuit of his employment as a union carpenter. The items of clothing purchased included work shoes, long underwear, work jackets, helmet liners, woolen shirts, rubber boots, a rubber raincoat with pants and a hood, and wool, leather and waterproof gloves. The clothing George purchased in 1968 and used solely for work, could have been worn or used for purposes other than for work. George did not have at trial any receipts for the items of clothing that he purchased and used for work. George claimed at trial that he paid $ 179.00 in 1968 for work clothing. Of the $ 325.80 claimed as a deduction for work clothes and equipment on petitioners' joint Federal income tax return, George allocated $ 76.26 for work clothing. George purchased supplies, tools and equipment during 1968 including the following: layout chalk, a keel, lumber crayons, tacks, drills, plumb bobs, aprons and *114 other tool attachments. George did not have at trial any records pertaining to the purchase of any supplies, tools or equipment. George claimed at trial that he paid $ 79.58 in 1968 for supplies, tools and equipment. George had equipment at home which he used in maintaining his tools. He owned a Black & Decker grinder for which he purchased grinding stones and oil, and which was used for sharpening his tools. He used about eight different types of grinding wheels in using his grinder. He also purchased files for sharpening and also hand stones. Petitioner kept his receipts for purchases of such items in a box at home but he did not have the receipts at the trial. He never entered the purchases shown by the receipts into a record book of any kind. Petitioner was unable to state exactly how many wheels or files were purchased in 1968. Petitioners on their joint Federal income tax return for 1968 claimed as a miscellaneous deduction $ 325.80 for "Spec. work clothes & equip." Respondent in his explanatory statement attached to the statutory notice of deficiency allowed a deduction of $ 57.00 for "Work Clothes" and disallowed $ 268.80 of the total of $ 325.80 claimed by petitioners. *115 The $ 57.00 allowed by the respondent actually represented the cost of tools purchased by petitioner. OPINION As has been pointed out above, petitioners have the burden of proving the respondent's determination is incorrect. With respect to petitioners' claimed deduction for work clothes we find that the substantial conflict in the amounts claimed to have been paid for the work clothes at trial, $ 179.00, and the amount of $ 76.26 allocated for that purpose with respect to the total of $ 325.80 claimed on the return for special work clothes and equipment, to raise grave doubts about the amount actually expended for special work clothes. Particularly when considered with the holding in Roth v. Commissioner,17 T.C. 1450, 1455 (1952) that the costs of ordinary work clothing, not in the nature of a uniform and not of a type required by a taxpayer's employer, do not constitute a deductible expense. However, we do regard bib overalls and special work shoes as articles in the nature of a uniform. Using our best judgment in light of petitioner's inexactitude, we find that petitioner is entitled to deduct $ 25 for special work clothes. Cohan v. Commissioner,39 F. 2d 540 (2nd Cir. 1930). *116 Petitioners have failed to sustain their burden of proving that they are entitled to a greater amount as a deduction for the cost of tools. Welch v. Helvering,supra;Rule 142, supra. Nor do we think this record shows that respondent erred in disallowing the claimed costs of maintaining petitioner's tools. We find his testimony in this area entirely too vague and general to sustain his claimed expenditures. Petitioners in their petition raised three issues on which they offered no evidence and which we presume were abandoned by them. [1]
In accordance with the foregoing, Decision will be entered under Rule 155 in docket No. 2045-72.
Decision will be entered for Respondent in docket No. 4120-76.
Footnotes
1. The issues are (1) whether petitioners are entitled to a deduction under section 166 for a bad debt loss of $ 1,145 in 1968; (2) whether petitioners are entitled to a deduction under section 167 for depreciation of $ 134 in 1973; and (3) whether petitioners are entitled to a refund on account of the non-availability of section 63 to the respondent of $ 425.41 for 1968.↩